IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JL FARMS, )
 )
          **Plaintiff,** )
 )
v. )
 ) Case No. 2:16-cv-02548-CM-GEB
THOMAS JAMES VILSACK, Secretary, )
The United States Department of )
Agriculture; )
STEVEN C. SILVERMAN, Director, )
National Appeals Division; and )
BRANDON WILLIS, Administrator of the )
Risk Management Agency and Manager of )
the Federal Crop Insurance Corporation, )
 )
          **Defendants.** )
 )

## MEMORANDUM AND ORDER

Plaintiff JL Farms seeks judicial review of a final decision of the National Appeals Division ("NAD") of the United States Department of Agriculture pursuant to 7 U.S.C. § 6999, 7 C.F.R. § 11.13, and Chapter 7 of Title 5 of the United States Code. (Doc. 1.)

### I. Legal Standard

Persons affected by an adverse decision of an agency within the USDA may appeal that decision to the NAD for a determination by a Hearing Officer. 7 U.S.C. §§ 6996–6997 (2012). That determination may then be appealed to the NAD Director for a final determination. *Id.* § 6998. A final determination by the NAD Director is reviewable and enforceable by any district court, in accordance with Chapter 7 of Title 5 of the United States Code. *Id.* § 6999; 7 C.F.R. § 11.13 (2019). Under 5 U.S.C. § 706, "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."

*Id.* (2012). The reviewing court is further directed to "compel agency action unlawfully withheld or unreasonably delayed," and "hold unlawful and set aside agency action, findings, and conclusions" in multiple circumstances, including where contrary to law or "short of statutory right[.]" *Id.* § (2)(A), (C).

**II.     Background**

Plaintiff JL Farms is a wheat producer whose farm is in the District of Kansas. Defendants collectively oversee the regulation and administrative process for crop insurance policies issued pursuant to the Federal Crop Insurance Act ("FCIA"). Plaintiff sought a crop insurance policy. Under the FCIA, these policies are offered through a private approved insurance provider ("AIP") and reinsured and regulated by the Federal Crop Insurance Corporation, which is operated and managed by the Risk Management Agency ("RMA"). Plaintiff sought a policy whose terms were governed by the producer's actual production history ("APH"), which is calculated from a database of that producer's year-to-year crop yields. Catastrophic droughts and other factors can result in abnormally low yields in a single year, substantially impacting a producer's APH and the amount of its APH-dependent insurance coverage. To resolve these abnormalities, the 2014 Farm Bill[1] amended the FCIA to permit an elective exclusion (the "APH Exclusion"). The APH Exclusion allows a producer's abnormally low yields to be removed from the APH calculation. The use of the APH Exclusion thus serves to protect producers from significant reduction in their crop insurance coverage.

Plaintiff, believing that it would qualify for the APH Exclusion, notified its AIP that it was electing to exclude eligible crops from its APH calculation. Following requests by similarly-situated producers, RMA issued a guidance memorandum (the "Determination"), which did not authorize the APH Exclusion for winter wheat in the 2015 crop year, and further instructed AIPs to decline producers' elections as to winter wheat. This guidance acted as a mandatory directive which resulted

---

[1] Agricultural Act of 2014, Pub. L. 113-79, 128 Stat. 649.

in plaintiff being denied the APH Exclusion.  Plaintiff appealed to the NAD of the USDA, where the Hearing Officer found the NAD did not have jurisdiction over the appeal.  Plaintiff then requested review of the Hearing Officer's determination by the NAD Director, where the Director determined the NAD did have jurisdiction, but that RMA had discretion as to the implementation of the APH Exclusion, effectively maintaining the denial to plaintiff.  Plaintiff now asks this court for judicial review of RMA's Determination and the NAD Director's determination.

### III.    Intervening Authority and Local Rule 7.1(f)

On March 4, 2019, the parties jointly notified this court of significant supplemental authority under D. Kan. Rule 7.1(f) due to the ruling by the Tenth Circuit in *Ausmus v. Perdue*, 908 F.3d 1248 (10th Cir. 2018).  (Doc. 29.)  The Tenth Circuit ruled against the defendants in *Ausmus* concerning the same issues currently before this court, determining that Congress intended the APH Exclusion to both be available for the 2015 crop year and to cover winter wheat producers.  *Id.* at 1254–55.  Defendants have noted that the *Ausmus* ruling is binding on this court and resolves the instant case.  The court agrees and sees no reason that the *Ausmus* ruling should not control this case, and no reason to recap the Tenth Circuit's detailed analysis.

**IT IS THEREFORE ORDERED** that the NAD Director's decision is reversed and remanded for proper consideration and application of the APH Exclusion.

The Clerk of Court is directed to enter judgment as set forth above.

The case is closed.

Dated this 26th day of June, 2019, at Kansas City, Kansas.

/s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**